

# NUMBER 13-24-00322-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

GRUPO ELITE ENTERTAINMENT, INC.,
FELIPE ZAVALA, AND MANUEL REYES,                          Appellants,

v.

PRODUCTORA DE TALENTOS BGM,
S.A. DE C.V., ET AL.,                                     Appellees.

---

## ON APPEAL FROM THE 464TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

# MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion on Rehearing by Chief Justice Tijerina**

Appellants Grupo Elite Entertainment, Inc. (Grupo), Felipe Zavala, and Manuel Reyes attempt to appeal from the trial court's order denying their motions to transfer the venue of a suit brought against them by appellees Productora de Talentos BGM, S.A. de C.V., et al. Because we do not have jurisdiction over this interlocutory appeal, we dismiss

the appeal.

# I. BACKGROUND

Productora de Talentos BGM, S.A. de C.V. and fellow appellee Glamour Musical, S.A. de C.V. are Mexican companies in the business of representing and promoting recording artists in Mexico and the United States. Their principal place of business is in Mexico. Grupo is a promoter which arranges live music, and Zavala and Reyes are its owners. Appellees retained Grupo as its agent in securing live music performances at social events for artists that appellees represent.

On June 22, 2022, appellees filed suit in Hidalgo County against appellants for breach of fiduciary duty, tortious interference with a business relationship, and fraud. Appellants filed motions to transfer venue. In their motions, appellants stated that appellees "do not allege that any agreement or contract was made" in Hidalgo County; appellants are residents of Harris County; appellants' registered and principal place of business is in Harris County; and appellees failed to describe a single occurrence, event, or actionable conduct that occurred in Hidalgo County.

Appellees responded and attached an affidavit from their owner German Jesus Chavez Moreno as prima facie proof that appellants' actionable conduct occurred in Hidalgo County. In his affidavit, Chavez stated that appellants "encourage[ed], aid[ed], and facilitat[ed] one or more of the Musical Artists' performances at social events in Hidalgo County." Appellants responded stating that Chavez's affidavit is conclusory, was not made with "personal knowledge," and does not set out specific facts relevant to venue. Appellants attached Zavala's affidavit wherein he stated he resides in Harris County, none of the complained-of occurrences occurred in Hidalgo County, and appellants' registered

2

address and principal place of business has always been in Harris County.

The trial court held a hearing on the motions to transfer venue. Following the hearing, the trial court denied appellants' motions to transfer venue. This attempted interlocutory appeal followed.

## II.     ORDER GRANTING MOTION TO VACATE

The trial court initially signed an order denying appellants' motions to transfer venue on May 31, 2024. Appellants filed their notice of appeal on June 19, 2024. On August 23, 2024, in the trial court, appellees filed a motion to vacate the order denying venue even though it was in their favor—claiming that they "inadvertently did not file evidence with the [trial] Court that was referenced in their supplemental response to the motions to transfer venue." Appellees asked the trial court to vacate its order denying transfer and to "hold another hearing on the motions to transfer venue" to allow appellees to present evidence to support venue in Hidalgo County. *But see* Tex. R. Civ. P. 87.5 (generally prohibiting a second hearing on venue). On November 24, 2024, the trial court granted appellees' motion to vacate, vacated its May 31, 2024 order denying transfer, and ordered that appellants' motions to transfer venue would be reheard at a later time. *See id.*

"The general rule is that only one venue determination may be made in a single proceeding, and Texas Rule of Civil Procedure 87 prohibits changes in venue following the initial ruling on venue." *In re Signature Care Emergency Ctr.*, 665 S.W.3d 150, 163 (Tex. App.—Corpus Christi–Edinburg 2023, orig. proceeding); *see also* Tex. R. Civ. P. 87.5. Thus, the trial court cannot "rehear" the issue of venue, which it attempts to do by setting the motion to transfer venue for a future hearing. *In re Team Rocket, L.P.*, 256

3

S.W.3d 257, 259 (Tex. 2008) (agreeing that "only one venue determination may be made in a proceeding and that Texas Rule of Civil Procedure 87 specifically prohibits changes in venue after the initial venue ruling"). Furthermore, Texas Rule of Appellate Procedure 29.5 provides that "while an appeal from an interlocutory order is pending," the trial court may not make an order that "interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal." TEX. R. APP. P. 29.5. By vacating its order denying the motion to transfer venue, the trial court interfered with the effectiveness of the relief sought on appeal. Thus, the trial court's November 24, 2024 order vacating its order denying venue and setting a new hearing on venue was improper.[1]

### III. JURISDICTION

After merits-based briefs were filed on the venue issue, we requested supplemental briefing on whether this Court had jurisdiction to entertain the interlocutory appeal following the Supreme Court of Texas's decision in *Rush*. *See Rush Truck Ctrs. of Tex., L.P. v. Sayre*, 718 S.W.3d 233, 235 (Tex. 2025).

Usually, a party must wait until a final judgment occurs to appeal an erroneous ruling regarding venue. TEX. CIV. PRAC. & REM. CODE § 15.064(b). In *Rush*, the Court reiterated the default rule that "[n]o interlocutory appeal shall lie from the determination [of venue]." 718 S.W.3d at 235 (citing TEX. CIV. PRAC. & REM. CODE § 15.064(a)). Although Texas Civil Practice and Remedies Code section 15.003(b) creates a narrow exception

---

[1] On December 23, 2024, this Court improvidently dismissed this cause on the basis that the appeal was moot because the trial court vacated its order denying venue and would rehear the motion to transfer venue. However, on January 24, 2025, this Court granted appellants' motion for rehearing, and the cause was reinstated. *See Grupo Elite Entm't, Inc. v. Productora de Talentos BGM, S.A. de C.V.*, No. 13-24-00322-CV, 2024 WL 5198839, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 23, 2024, no pet.), reh'g granted (Jan. 24, 2025).

to this rule, "courts of appeals have stretched this statutory exception into a gaping jurisdictional loophole, such that an interlocutory appeal concerning venue can be taken in nearly any case with multiple plaintiffs." *Rush*, 718 S.W.3d at 233; *see also* TEX. CIV. PRAC. & REM. CODE § 15.003(b) (permitting an interlocutory appeal of "a trial court's determination under Subsection (a) that . . . a plaintiff did or did not independently establish proper venue").

The *Rush* Court stated that, contrary to eleven courts of appeals' holdings, the "mere presence of multiple plaintiffs in front of the [trial court] does not suffice to invoke appellate jurisdiction" over an interlocutory venue order. *Rush*, 718 S.W.3d at 233. Instead, Section 15.003(b) establishes a *limited* right of interlocutory appeal only when (1) there are multiple plaintiffs *and* (2) the trial court has made an independent determination of venue with respect to each plaintiff. *Id.* at 238. "Put differently, Section 15.003(b) applies only to venue determinations to retain or transfer one of the plaintiffs within a suit—not to every venue determination that happens to involve multiple plaintiffs. Homogenous venue disputes . . . are left to Section 15.064(a), which allows for no interlocutory appeal." *Id.* at 239.

Here, appellees did not make individual arguments regarding venue, so the trial court was not tasked with making an independent determination of venue with respect to each plaintiff. *See id.*; *Platform II, LLC v. Pegasus Res., LLC*, No. 02-25-00320-CV, 2025 WL 2486027, at *2 (Tex. App.—Fort Worth Aug. 28, 2025, no pet.) (mem. op.) (dismissing an appeal for want of jurisdiction following *Rush* where Section 15.003(b) was not applicable). Appellees asserted identical claims based on identical facts with identical venue grounds and did not seek individual specific venue rulings. In fact, throughout the

entirety of the proceedings, both appellees refer to themselves as "Plaintiffs" and "never attempt to individually differentiate the parties by their names or alleged venue facts." *Platform II, LLC*, 2025 WL 2486027, at *2 n.3. Thus, an interlocutory appeal challenging the trial court's venue determination is not permitted under the facts of this case. *Rush*, 718 S.W.3d 233. We therefore conclude that we lack jurisdiction over this interlocutory appeal, and we dismiss the appeal. *See Flightline Escrow, LLC v. Leavelle*, 720 S.W.3d 415, 426 (Tex. App.—El Paso 2025, no pet.) (concluding that it lacks jurisdiction over the appeal because section 15.003 is limited and only applies when there are multiple plaintiffs and when the trial court has made an independent determination of venue with respect to each plaintiff).

## IV. CONCLUSION

We dismiss the appeal for want of jurisdiction.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
30th day of July, 2026.

6